IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN W. MASSENGILL,

                **Plaintiff,**

v.                                         CASE NO. 23-3062-JWL

PAUL SNYDER, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Ryan W. Massengill brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Hutchinson Correctional Facility ("HCJ") in Hutchinson, Kansas. Plaintiff has been granted leave to proceed in forma pauperis. However, for the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff alleges in the Complaint (Doc. 1) that he was denied access to a law library while on restricted status at the Winfield Correctional Facility ("WCF") in Winfield, Kansas. He sought access so that he could work on the appeal of his criminal conviction. He states that his criminal appeal is now in jeopardy of being dismissed.

Plaintiff names as defendants Paul Snyder, Warden of WCF; Dale Call, Deputy Warden; and Dora Trammell, Activity Specialist. He seeks to prevent Defendants from denying any other

1

inmate access to the law library, and he asks "to be compensated for what [he] would have received on appeal" if his appeal is dismissed. (Doc. 1, at 6).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal because it fails to state a claim for denial of access to the courts.

It is well established that a prison inmate or detainee has a constitutional right of access to the courts. To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348, 350 (1996). "[T]o present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis*, 518 U.S. at 349 ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

In order to satisfy the actual injury requirement, the plaintiff must show that, by denying him access to the law library, jail officials frustrated or impeded his ability to file or litigate a non-frivolous action. *Lewis,* 518 U.S. at 351, 354–55; *see Faircloth v. Schwartz*, 2014 WL 446663 (D. Colo. Sept. 10, 2014); *Peterson*, 149 F.3d at 1145. He may allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated, or impeded. *Lewis,* 518 U.S. at 350, 353.

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.").  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356.  Nor does an inmate's inability to effectively litigate once in court fulfill the requirement of actual injury.  *Id.* at 354.

Plaintiff makes the general allegation that his "criminal appeal" is in jeopardy because he was denied adequate access to the law library at WCF.  However, the Complaint fails to identify the specific legal claims Plaintiff raised in the appeal, fails to explain why those claims are non-frivolous, and fails to explain how those claims have been prejudiced by the limited access to law library materials.  *See Counts v. Wyoming Dep't of Corr.*, 854 F. App'x 948, 952 (10th Cir. 2021).  Thus, the Complaint fails to allege an actual injury and fails to state a claim.  *Id*.

Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)).  It follows that an inmate represented by counsel is not entitled to a law library.  An inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research.  *Smith v. Harvey County Jail*, 889 F. Supp. 426, 431–32 (D. Kan. 1995) (citing *Skelton v. Pri–Cor., Inc.,* 963 F.2d 100, 104 (6th Cir. 1991), *cert. denied,* 503 U.S. 989

(1992); *United States v. Wilson,* 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied,* 464 U.S. 867 (1983); *Lloyd v. Corrections Corp. of America,* 855 F. Supp. 221, 223 (W.D. Tenn. 1994); *Pippins v. Adams County Jail,* 851 F. Supp. 1228, 1234 (C.D. Ill. 1994)).

Plaintiff does not state whether he is represented by counsel in his appeal. The Sixth Amendment provides a right to counsel through the direct appeal of a criminal conviction. Even if Plaintiff has waived that right and is choosing to represent himself, the right to access to the courts is not violated by denial of law library access: "When a prisoner voluntarily . . . waives his right to counsel in a criminal proceeding, he is not entitled to access to a law library or other legal materials." *United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004).

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **April 13, 2023**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED:  This 13th day of March, 2023, at Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**